# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| PATRICIA L. IRVING,<br><br>    Plaintiff,<br><br>v.<br><br>COTTONWOOD FINANCIAL TEXAS, LLC d/b/a THE CASH STORE,<br><br>    Defendant. | Case No. 4:20-cv-02211 |

## **COMPLAINT**

**NOW COMES** Plaintiff, PATRICIA L. IRVING, through undersigned counsel, complaining of Defendant, COTTONWOOD FINANCIAL TEXAS, LLC d/b/a THE CASH STORE as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*; and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. PATRICIA L. IRVING ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 15301 Northwest Freeway, Apartment 717, Houston, Texas 77040.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

8. COTTONWOOD FINANCIAL TEXAS, LLC d/b/a THE CASH STORE ("Defendant") is a limited liability company organized and existing under the laws of the state of Delaware.

9. Defendant has its principal place of business at 1901 Gateway Drive, Irving, Texas 75038.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5405.

13. At all times relevant, Plaintiff's number ending in 5405 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Defendant operates at least 119 loan establishments in Texas.

16. These establishments specialize in making short-term, high-interest "payday loans," typically two weeks in duration and carrying annual percentage rates greater than 500%.

17. When Defendant's customers are granted a loan, the customer writes out a check, post-dated to the end of the loan period, for the full amount that he is obligated to pay.

18. Late last year, Defendant loaned Plaintiff $500.00.

19. The loan is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

20. In exchange, Plaintiff agreed to repay the loan plus interest.

21. As result of COVID-19, however, Plaintiff suffered financial hardship, resulting in her failure to repay the loan.

22. Soon, Plaintiff started to receive phone calls regarding payment of her loan.

23. On several instances, Plaintiff answered. Each time, she was met by an approximate three-second pause prior to being connected to an agent.

24. On multiple occasions, Plaintiff notified Defendant that she was not working because of COVID-19; and therefore, was not able to pay the loan back.

25. Undeterred, Defendant's phone calls persisted.

26. *On multiple occasions*, including on May 2, 2020 as well as on June 16, 2020, Plaintiff told Defendant to stop calling.

27. In spite of Plaintiff's request, Plaintiff continues to receive phone calls from numbers leading back to Defendant – including (713) 258-6489 and (713) 366-3156.

28. To date, Plaintiff received no less than 20 phone calls from Defendant despite Plaintiff's request(s) that these phone calls stop

## DAMAGES

29. Defendant's constant harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

30. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss

of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

31. Concerned with having had her rights violated, Plaintiff was forced to retain counsel to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT II:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

32. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33. Defendant placed or caused to be placed at least 20 non-emergency calls, including but not limited to the aforementioned collection calls to Plaintiff's cellular telephone utilizing an ATDS or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

34. Upon information and belief, based on the three-second pause Plaintiff noticed each time Plaintiff answered, Defendant employed an ATDS to place calls to Plaintiff.

35. Upon information and belief, the ATDS employed by Defendant transfers calls to an agent once a human voice is detected, hence the pause.

36. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

37. As pled above, Plaintiff revoked consent to be called on her cellular telephone.

38. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular telephone.

39. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular telephones.

40. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

41. Upon information and belief, Defendant knew that its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

42. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

43. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II
## Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

44. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann § 392.302

45. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

5

Tex. Fin. Code Ann. § 392.302(4).

46. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff in spite of being told to stop on multiple occasions.

47. Defendant's continuous phone calls were made with the intent to harass Plaintiff.

48. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) to Tex. Fin. Code Ann. § 392.403 which provides:

(a) A person may sue for:

(1) injunctive relief to prevent or restrain a violation of this chapter; and

(2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: June 24, 2020　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　**PATRICIA L. IRVING**

　　　　　　　　　　　　　　　　　　　　　By: */s/ Joseph S. Davidson*

　　　　　　　　　　　　　　　　　　　　　Mohammed O. Badwan
　　　　　　　　　　　　　　　　　　　　　Joseph S. Davidson
　　　　　　　　　　　　　　　　　　　　　SULAIMAN LAW GROUP, LTD.
　　　　　　　　　　　　　　　　　　　　　2500 South Highland Avenue
　　　　　　　　　　　　　　　　　　　　　Suite 200
　　　　　　　　　　　　　　　　　　　　　Lombard, Illinois 60148
　　　　　　　　　　　　　　　　　　　　　+1 630-575-8181
　　　　　　　　　　　　　　　　　　　　　mbadwan@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　　　jdavidson@sulaimanlaw.com